**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | : | CIVIL ACTION NO. 10-538 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| PREFERRED PLATINUM SERVICES NETWORK, LLC, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF** brings this action pursuant to the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), for alleged violations of 15 U.S.C. § 45(a), in connection with the marketing and sale of work-at-home employment programs ("Work-at-Home Opportunities").  (Dkt. entry no. 1, Compl.)

**THE CLERK OF THE COURT** entered default on March 15, 2010, pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), against each defendant in this action.  (See unnumbered dkt. entry between dkt. entry nos. 18 & 19.)  Defendant Philip D. Pestrichello ("Pestrichello") subsequently requested that default be vacated as to him, and is appearing pro se in this action.  (Dkt. entry no. 21, Letter from Pestrichello dated 4-6-10.)  The Magistrate Judge granted Pestrichello's request to vacate default as to him on July 15, 2010.  (Dkt. entry no. 30, 7-15-10 Order.)  The Magistrate Judge also ordered the plaintiff to immediately serve Pestrichello a copy of the Complaint, and ordered

Pestrichello to file his answer with the Court within 45 days of the entry thereof. (Id.) The Magistrate Judge denied without prejudice Pestrichello's application for a stay of these proceedings, and Pestrichello has failed to file an Answer despite the time to do so expiring on August 29, 2010. (Id.) Defendants Preferred Platinum Services Network, LLC ("PPSN") and Rosalie Florie ("Florie") have not appeared in this action, and default remains entered as to them.[1]

    **THE PLAINTIFF** moved on July 1, 2010, for entry of judgment by default against PPSN, Pestrichello, and Florie, pursuant to Rule 55(b)(2). (Dkt. entry no. 24, Notice of Mot.) The plaintiff seeks: (1) entry of judgment in its favor and against the defendants as to liability for deceptive acts and practices under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); (2) to have the defendants permanently restrained and enjoined from, inter alia, "advertising, marketing, promoting, offering for sale, or selling any Work-at-Home Opportunity" or making any

---

[1] The Court observes that business entities such as PPSN, a limited liability company, "may appear in the federal courts only through licensed counsel" and may not be represented pro se. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202-03 (1993); see also United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996). No counsel has entered an appearance on behalf of PPSN, and the Court will not impute Pestrichello's pro se representation to it. Nor may Pestrichello's pro se representation be deemed to extend to Florie, as it is well-settled that one pro se litigant cannot represent another pro se litigant, and Florie has not entered an appearance in this action. See Belpasso v. Bender, No. 08-3362, 2009 WL 2762354, at *1 (D.N.J. Aug. 28, 2009).

misrepresentations relating to goods or services; (3) entry of judgment in its favor and against the defendants as to a monetary award in the amount of $1,386,625 as equitable monetary relief for consumer injury, to be deposited into a fund to provide redress to consumers or other equitable relief; (4) to have the defendants permanently restrained and enjoined from disclosing, using, or benefitting from consumer information obtained in connection with the marketing and sale of Work-at-Home Opportunities, and from failing to dispose of such consumer information; (5) a lifting of the freeze of the defendants' assets set forth in the preliminary injunction entered by the Court on February 16, 2010; (6) termination of any contract or agreement for a post office box or a commercial mail receiving agency box where any defendant received mail on behalf of PPSN, and the return of any mail therein to the sender; (7) turnover of assets held by third parties to the plaintiff; (8) monitoring of the defendants for compliance with the proposed order; (9) reporting of certain information by Pestrichello and Florie for a period of five years following the date of entry of judgment by default; and (10) recordkeeping by the defendants for a period of eight years following the date of entry of judgment by default of certain records related to this action.  (Dkt. entry no. 29, Amended Proposed Final Default Judgment and Order for Permanent Injunction and Monetary Relief.)  The plaintiff has not filed any

supplemental briefing or notice to the Court with respect to the motion for judgment by entry of default since default was vacated as to Pestrichello subsequent to its filing of the motion.

**THE DEFENDANTS** Florie and PPSN have not opposed the motion for entry of judgment by default.  Pestrichello, proceeding pro se, opposes the motion.  (Pestrichello Letter dated 7-8-10 "renew[ing his] OBJECTION to the entry of Default Judgment, Proposed Final Judgment, and Final Order of Permanent Injunction with Monetary Relief, and . . . request[ing] that the Court grant an immediate STAY until a disposition is reached" as to criminal proceedings against Pestrichello, to be docketed.)

**THE COURT** has considered the papers submitted in support of the motion.  The plaintiff seeks to impose joint and several liability on the defendants in the motion for judgment by entry of default.  (See, e.g., Amended Proposed Final Default Judgment Order at ¶ 17 (seeking equitable monetary relief against the defendants, jointly and severally, in the amount of $1,386,625).) The Clerk of the Court's entry of default has been vacated as to Pestrichello, and the action may proceed on the merits as to him. Given these circumstances, the Court intends to deny without prejudice the motion for judgment by entry of default.  See Frow v. De La Vega, 82 U.S. 552, 554 (1872) (holding that when an action is proceeding jointly against several defendants, and one of them defaults, a court should proceed on the merits as to the

4

non-defaulted defendants and the defaulted defendant will be bound by the result); see also Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); Koren v. First Funding Factors, Inc., No. 89–6250, 1990 WL 102805, at *3 (E.D. Pa. July 13, 1990) ("[J]udgment should not be entered against [defaulted] defendants . . . until the matter has been adjudicated with regard to all defendants, or until all defendants have defaulted.").

**THE COURT** notes that Pestrichello has requested a stay of these proceedings in letters to the Court.  (See, e.g., Pestrichello Letter dated 7-8-10.)  The Court finds no basis for staying these proceedings during the pendency of Pestrichello's criminal case.  Any future request for a stay must be made via a formal motion to stay these proceedings, and should be directed to the Magistrate Judge.  Furthermore, the Court observes that Pestrichello has failed to timely file an Answer to the Complaint as directed by the 7-15-10 Order.  Pestrichello cannot defend this action on the merits if he fails to rectify this situation by seeking appropriate relief.

For good cause appearing, the Court will issue an appropriate order and judgment.

                                                                  s/ Mary L. Cooper
                                                             **MARY L. COOPER**
                                                             United States District Judge

Dated: September 28, 2010