**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | : | CIVIL ACTION NO. 10-538 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : |  |
| PREFERRED PLATINUM SERVICES NETWORK, LLC, et al., | : |  |
| Defendants. | : |  |

**THE PLAINTIFF** brings this action pursuant to the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), for alleged violations of 15 U.S.C. § 45(a) ("Section 5"), in connection with the marketing and sale of work-at-home employment programs ("Work-at-Home Opportunities"). (Dkt. entry no. 1, Compl.)

**THE CLERK OF THE COURT** has entered default as to each of the defendants in this action: Philip Pestrichello ("Pestrichello"), Rosalie Florie ("Florie"), and Preferred Platinum Services Network, LLC ("PPSN") (collectively, "defendants"). (See unnumbered dkt. entry dated March 15, 2010; unnumbered dkt. entry dated November 4, 2010.)

**THE PLAINTIFF** now moves for entry of judgment by default against Pestrichello, Florie, and PPSN, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (Dkt. entry no. 39,

Renewed Mot. for Default J.)[1]  The plaintiff seeks:  (1) entry of judgment in its favor and against the defendants as to liability for deceptive acts and practices under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); (2) to have the defendants permanently restrained and enjoined from, <u>inter</u> <u>alia</u>, "advertising, marketing, promoting, offering for sale, or selling any Work-at-Home Opportunity" or making any misrepresentations relating to goods or services; (3) entry of judgment in its favor and against the defendants as to a monetary award in the amount of $1,386,625 as equitable monetary relief for consumer injury, to be deposited into a fund to provide redress to consumers or other equitable relief; (4) to have the defendants permanently restrained and enjoined from disclosing, using, or benefitting from consumer information obtained in connection with the marketing and sale of Work-at-Home Opportunities, and from failing to dispose of such consumer information; (5) a lifting of the freeze of the defendants' assets set forth in the preliminary injunction entered by the Court on February 16, 2010; (6) termination of any

---

[1]  The Court denied without prejudice the plaintiff's first motion for entry of judgment by default, observing that default had been vacated as to Pestrichello and in light of the joint and several liability the plaintiff sought to impose on the defendants, judgment by entry of default was not appropriate. (Dkt. entry nos. 32-33, 9-28-10 Op. & Order.)  Pestrichello did not seek appropriate relief as directed by the 9-28-10 Opinion and Order, so the Court granted the plaintiff leave to renew its motion for entry of judgment by default in an order entered on December 1, 2010.  (Dkt. entry no. 38, 12-1-10 Order.)

contract or agreement for a post office box or a commercial mail receiving agency box where any defendant received mail on behalf of PPSN, and the return of any mail therein to the sender; (7) turnover of assets held by third parties to the plaintiff; (8) monitoring of the defendants for compliance with the proposed order; (9) reporting of certain information by Pestrichello and Florie for a period of five years following the date of entry of judgment by default; and (10) recordkeeping by the defendants for a period of eight years following the date of entry of judgment by default of certain records related to this action. (Dkt. entry no. 29, Am. Proposed Final Default J. & Order for Permanent Injunction and Monetary Relief.)

**THE DEFENDANTS** Florie and PPSN have at no time opposed the motion for entry of judgment by default. Pestrichello, proceeding pro se, did at one time oppose entry of judgment by default and seek a stay of this action until a disposition was reached as to criminal proceedings pending against him in the United States District Court for the Southern District of New York. (Dkt. entry no. 34, Pestrichello Letter dated 7-8-10.)[2] Those criminal proceedings culminated in Pestrichello's entering a plea of guilty to a charge of mail fraud stemming from the same conduct alleged in this action, and the imposition of a sentence

---

[2] United States v. Pestrichello, No. 1:10-CR-108(KMW) (S.D.N.Y. filed Feb. 9, 2010).

of ninety-seven months imprisonment.  (Dkt. entry no. 42, 12-14-10 Letter from Nur-ul-Haq to the Court, advising that Pestrichello "was sentenced to 97 months imprisonment followed by three years supervised release in the criminal matter based upon the same facts as this case.").  The sentence also contains a restitution component, the details of which will be determined at a hearing currently scheduled for January 11, 2011.  (Id.)  Pestrichello has taken no action to file an answer or otherwise defend himself in this action since the Court's 9-28-10 Order, and it appears that Pestrichello has advised counsel for the plaintiff that he does not intend to answer the Complaint in this action, nor oppose the pending motion for entry of judgment by default.  (Dkt. entry no. 40, Nur-ul-Haq Decl., Ex. A, Pestrichello Letter to Nur-ul-Haq dated 11-18-10.)

**THE COURT** has considered the papers submitted in support of the motion.  (See dkt. entry no. 25, Mem. Supp. Mot. for Default J.; dkt. entry no. 26, Claxton Decl.)  Valid service of process and the Clerk of Court's entry of default are prerequisites to entry of judgment by default.  See Fed.R.Civ.P. 55(a).  The defendants were properly served by personal service with the summons and Complaint in this case on February 3, 2010, and the Clerk of Court has entered default as to each of them, as noted previously.  (See dkt. entry nos. 10, 11, & 12, Proof of Service; unnumbered dkt. entry dated 3-15-10, unnumbered dkt. entry dated

11-4-10, Clerk's Entry of Default.)  Therefore, both prerequisites are satisfied.

**Rule 55(b)(2)** authorizes a court to enter judgment by default against "a properly served defendant who fails to plead or otherwise defend an action."  La. Counseling & Family Servs. v. Makrygialos, LLC, 543 F.Supp.2d 359, 364 (D.N.J. 2008).  A court exercises its discretion in deciding whether to enter judgment by default, considering (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct.  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  A court must accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

**THE COURT** finds that the first Chamberlain factor is satisfied here.  The plaintiff has shown that it would be prejudiced by the denial of entry by judgment of default in that funds intended to make restitution to the victims of the defendants' enterprise are currently enjoined in this action.

**THE COURT** finds that the second Chamberlain factor is satisfied as well.  The defendants have not answered the Complaint or otherwise defended themselves on the merits of this

5

action, and the well-pleaded allegations of the Complaint establish that the defendants have violated Section 5.

**SECTION 5** prohibits "unfair or deceptive acts or practices in or affecting commerce," and to impose liability under this statute, the FTC must show that a corporation made material representations or omissions likely to mislead a consumer acting reasonably under the circumstances.  In re Nat'l Credit Mgmt. Grp., LLC, 21 F.Supp.2d 424, 440-41 (D.N.J. 1998); see also Rubin v. MasterCard Int'l, LLC, 342 F.Supp.2d 217, 220 (S.D.N.Y. 2004) ("Under the FTC Act, an 'unfair or deceptive practice' is one that is 'likely to mislead' consumers, or that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'") (internal citation omitted).  Such practices or representations need not be made with an intent to deceive.  In re Nat'l Credit Mgmt. Grp., 21 F.Supp.2d at 441.

**THE COMPLAINT** alleges that the defendants engaged in unfair or deceptive trade practices with regard to promoting the Work-at-Home Opportunities by representing that (1) consumers are likely to earn substantial income, (2) the defendants will pay consumers a specified sum, usually $0.95 or $1.00 per postcard processed, as part of the Work-at-Home Opportunities, (3) the cost of participating in the Work-at-Home Opportunities is a one-time enrollment fee, and (4) consumers who cancel their enrollment in the Work-at-Home Opportunities within a specified

6

period will receive a full refund. (Compl. at ¶¶ 29-40.) We find that these allegations, taken as true, state a claim for relief under Section 5 of the FTC Act.

**AN INDIVIDUAL** may be held liable for violations of the FTC Act by a limited liability company, such as PPSN, where the individual (1) participated directly in the violative acts, (2) had a role in directing, controlling, or formulating the policies and practices of the company, resulting in the violative acts, or (3) had the authority to control the actions of others that they knew or should have known were taking place. In re Nat'l Credit Mgmt. Grp., 21 F.Supp.2d at 461. We find that the plaintiff has made an adequate showing with regard to Pestrichello and Florie's involvement to impose liability on them individually. (Compl. at ¶¶ 8-9 (stating that Florie is the managing member of PPSN and that they formulated, directed, controlled, and participated in the acts and practices set forth in the Complaint); dkt. entry no. 3, Pl. Mem. Supp. TRO at 3-5 and documents cited therein.) Pestrichello admitted during the plea colloquy in the related criminal case that "although many documents related to the business were in the name of . . . Florie," he started and operated PPSN, and "sent mailings to potential customers [that] contained statements which [Pestrichello] knew to be false and . . . were designed to induce people to participate in [his] work-at-home business by sending an enrollment fee." (Dkt. entry

7

no. 36, Nur-ul-Haq Decl. at ¶ 15 & Ex. A, 7-12-10 Hr'g Tr. at 15:4-12.)  Thus, we conclude that the defendants do not have a meritorious defense to the action.

**THE COURT** finds that the third Chamberlain factor, that the defendants' delay be due to culpable conduct, is satisfied. See Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (stating that a defendant is "presumed culpable where it has failed to answer, move, or otherwise respond").  PPSN and Florie have failed to respond in any way to this action.  Pestrichello was given an opportunity to seek leave to file an out-of-time Answer, but failed to do so, and has now indicated that he does not intend to seek such relief or oppose the plaintiff's motion for entry of judgment by default.  Accordingly, all three Chamberlain factors are satisfied here, and the Court will enter judgment by default as to the defendants.

**THE RELIEF** sought by the plaintiff is appropriate. See 15 U.S.C. § 53(b) (authorizing the court to permanently enjoin unfair or deceptive acts in or affecting commerce when such injunction is in the public interest); see also Fed. Trade Comm'n v. Ruberoid Co., 343 U.S. 470, 473 (1952) (holding that the FTC "is not limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past. . . . [I]t must be allowed effectively to close all roads to the

8

prohibited goal, so that its order may not be by-passed with impunity."); accord In re Nat'l Credit Mgmt. Grp., 21 F.Supp.2d at 429 n.3 (stating that the grant of injunctive power in 15 U.S.C. § 53(b) authorizes a court "to grant any ancillary relief necessary to accomplish complete justice because it does not limit the traditional equitably [sic] power explicitly or by necessary and inescapable inference") (internal quotations and citations omitted).  The public interest would be well-served by the proposed relief of permanently banning the defendants from "advertising, marketing, promoting, offering for sale, or selling any Work-at-Home Opportunity or from assisting others in doing so" in light of Pestrichello's "long history dating back to 1993 of selling bogus Work-at-Home Opportunities using the mail." (Mem. Supp. Mot. for Default J. at 16-18.)  The monetary relief sought by the plaintiff is also in the public interest, as the defendants' Work-at-Home Opportunity scheme caused many consumers to lose money, and unfreezing the relevant accounts and ordering a judgment of $1,386,625 against defendants will allow some restitution to be made to those victims.  This sum certain is adequately supported in the Declaration of Charlene Claxton, which sets forth that "PPSN's total revenue, net of all monies that did not appear to have originated from consumers and all funds that were sent to consumers as either so-called 'commissions' or 'refunds,'" was $1,386,625.56.  (Dkt. entry no.

26, Claxton Decl. at 5 & Ex. A, Financial Records.)  Therefore, the Court need not hold a hearing to determine the amount of damages, finding the matter to have been adequately investigated. See Slover, 2009 WL 606133, at *3 (citing Fed.R.Civ.P. 55(b)(2)).

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.[3]

                          s/ Mary L. Cooper
                          **MARY L. COOPER**
                          United States District Judge

Dated: December 22, 2010

---

[3] Defendants' response to the motion was due on December 20, 2010.  In light of Pestrichello's representation to the plaintiff that he did not intend to oppose the motion, the Court decides the motion prior to the return date of January 3, 2011.